H. L. WILSON LUMBER COMPANY *v.* KOEN.

4-6349 151 S. W. 2d 681

Opinion delivered May 26, 1941.

*Verne McMillen* and *J. M. Smallwood,* for appellant.
*Bob Bailey* and *Caudle & White,* for appellee.

MEHAFFY, J. This action was instituted by the appellees, H. R. Koen, and others, in the Pope circuit court against the appellants, H. L. Wilson Lumber Company, and others, to recover damages received in an automobile collision, alleged to have been caused by the negligence of appellants.

The appellees are residents of Russellville, Pope county, Arkansas, and the H. L. Wilson Lumber Company is engaged in the business of cutting lumber and selling the same at retail, and transporting by trucks lumber to other states, and the principal office of the company is in the city of Hot Springs, Garland county, Arkansas. The H. L. Wilson Lumber Company is owned and operated by H. L. Wilson under the name of H. L. Wilson Lumber Company. E. E. Grisham is a citizen of Hot Springs, Arkansas, and is in the employ of the appellant, H. L. Wilson Lumber Company, as a driver of a truck and trailer belonging to the appellant lumber company. On May 9, 1940, at about 11 o'clock p. m., appellant, E. E. Grisham, was driving a truck and trailer for the lumber company over highway No. 64, and said trailer and truck were loaded with approximately 10,000 feet of lumber, the lumber and truck being of the weight of approximately 26,000 pounds. While driving in a westerly direction on said highway and on the paved portion thereof, the driver of the truck, while acting as agent, servant, and employe of appellant lumber company,

stopped said truck, so loaded, upon the right-hand portion of the concrete slab at a point on U. S. highway No. 64 near the Morphis filling station, extinguished the lights on said truck and trailer and remained stopped there on the highway, on the paved portion thereof, without putting out flares or other danger signals. The appellee, Mrs. Laura Koen, was riding in a 1940 four-door Chevrolet De Luxe sedan, which was being operated and driven by her son, Jim Hugh Koen.

The appellees alleged that Koen was driving at a moderate rate of speed on the right-hand side of highway No. 64, traveling in a westerly direction with due care for his own safety, and the safety of his mother. The car in which Mrs. Koen was riding crashed into the rear end of the trailer, causing severe, dangerous and permanent injuries to Mrs. Laura Koen. It was alleged that said accident was caused by the negligence of H. L. Wilson Lumber Company and its agent, servant and employe, E. E. Grisham. The complaint then describes the injuries to appellee and alleges that she was taken to St. Mary's Hospital in Russellville and suffered great pain and permanent injuries, and that she would never be able to perform the duties of a wife in and around the home, and that because of said injuries, she has been caused to expend the sum of $379.50 hospital and doctor's bills. The other appellee, H. R. Koen, is the husband of Mrs. Laura Koen and the owner of the car in which she was riding at the time of the accident. He alleges that by reason of the injuries sustained by his wife, which were caused by the negligence of the appellants, he will be deprived of her services, companionship and consortium for the remainder of her life. He alleges that the car was damaged in the sum of $388; that the injury to Mrs. Laura Koen and the property damage were the proximate result of the carelessness and negligence of the appellants. The complaint then describes the acts of negligence.

The answer denied each and every material allegation in the complaint. It alleged that if Mrs. Koen was injured, her injuries were caused by her own negligence or the negligence of Jim Hugh Koen imputed to her, and that appellants are not liable in any sum.

There was a verdict and judgment for Mrs. Laura Koen in the sum of $6,000 and a verdict and judgment in favor of H. R. Koen in the sum of $3,000. Motion for new trial was filed and overruled, and the case is here on appeal.

Appellant argues first that the negligence of Jim Hugh Koen will be imputed to Mrs. Laura Koen. It is true that if Jim Hugh Koen was guilty of negligence that caused the injury, Mrs. Koen could not recover. The trial court took this view of it, and gave the following instruction:

"You are instructed that if you find from a preponderance of the evidence in this case that Jim Koen was a minor, under sixteen years of age, and that in procurement of a driving or automobile operator's license, his mother, Mrs. Laura Koen, as his natural guardian, signed the application therefor and assumed responsibility for any negligence or willful misconduct of the said Jim Koen thereafter in the driving or operating of an automobile, then any act of negligence or willful misconduct upon the part of Jim Koen, if any there be, is imputed to Mrs. Laura Koen and she would be liable with the minor, Jim Koen, for any damage caused by the negligence or willful misconduct, if any, of Jim Koen.

"So, if you find from a preponderance of the evidence in this case that the accident complained of was caused by the negligent or willful misconduct of Jim Koen, a minor, in the operation of the automobile in which his mother, Mrs. Laura Koen, was riding, then such act of negligence, if any, is imputed to Mrs. Laura Koen and she would be bound thereby and plaintiffs would not be entitled to recover herein."

It is next contended by the appellants that the undisputed evidence shows that Jim Hugh Koen was guilty of negligence. Appellant's truck was being driven on the highway and was stopped on the concrete, when the undisputed evidence shows that the shoulders were six or eight feet wide, and that there was a roadway from the main highway to the place where trucks were to be weighed, and ample room in this driveway for appellant's truck.

There was, therefore, no necessity or reason for stopping the truck on the highway. Koen was driving about 45 miles an hour before he saw the "slow" sign, and thereafter slowed down to about 20 or 25 miles an hour.

There is a conflict in the evidence as to the flares and lights, and the negligence of Jim Hugh Koen was a question for the jury. We have reached the conclusion that there was substantial evidence to support the verdict and judgment, and it would serve no useful purpose to set out the evidence.

It is next contended by the appellant that the court erred in refusing to give defendants' requested instruction No. 8, which reads as follows: "You are instructed that if the employees of the Highway Department had placed flares in front of and behind the place where the driver stopped the truck, then it was not incumbent upon the driver to place flares in the road as provided by the statute and his failure to do so would not be negligence."

It is the opinion of the majority that instruction No. 8 should have been given. The purpose of placing flares is to give warning, and whether the flares were put out by the owner of the truck, or someone else, the traveling public would be protected in the same manner.

The court gave several instructions, which we have carefully examined, and we find no error except in the refusal of the court to give instruction No. 8.

For this error the judgment is reversed, and the cause remanded for a new trial.